| Defendant: | Michael Brown | Count: | 1 |
|---|---|---|---|
| Docket No.: | 17-cr-20406 | Statute(s): | 18 USC 4 |

## WORKSHEET A (Offense Levels)

Complete one Worksheet A for each count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction) before applying the multiple-count rules in U.S.S.G. ch. 3, pt. D. However, in any case involving multiple counts of conviction, if the counts of conviction are all "closely related" to each other within the meaning of U.S.S.G. § 3D1.2(d), complete only a single Worksheet A.

1. **BASE OFFENSE LEVEL AND SPECIFIC OFFENSE CHARACTERISTICS (U.S.S.G. ch. 2)**

| Guideline Section | Description | Levels |
|---|---|---|
| 2E5.1(a)(2) | Base Offense - Prohibited payments to labor union representatives (29 USC 186, 18 USC 371) | 6 |
| 2E5.1(b)(2)(B); 2B1.1(b)(1)(I) | Value of prohibited payments > $1.5 million | +16 |
| 2X4.1(a) | Misprision Adjustment | -9 |

2. **ADJUSTMENTS (U.S.S.G. ch. 3, pts. A, B, C)**

| Guideline Section | Description | Levels |
|---|---|---|
| 3B1.3 | Abuse of position of trust | +2 |

A-1

A-2

| Defendant: | Michael Brown | Count: | 1 |
|---|---|---|---|
| Docket No.: | 17-cr-20406 | Statute(s): | 18 USC 4 |

### 3. ADJUSTED OFFENSE LEVEL

Enter the sum of the offense levels entered in Items 1 and 2. If this Worksheet A does not cover every count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction), complete one or more additional Worksheets A and a single Worksheet B.

**15**

********************

*If this is the only Worksheet A, check this box and skip Worksheet B.*  ✓

*If the defendant has no criminal history, check this box and skip Worksheet C.*  ✓

| Defendant: | Michael Brown | Count: | 1 |
|---|---|---|---|
| Docket No.: | 17-cr-20406 | Statute(s): | 18 USC 4 |

# WORKSHEET B (Multiple Counts)

**Instructions** (U.S.S.G. ch. 3, pt. D):

- Group the counts of conviction into distinct Groups of Closely Related Counts. "All counts involving substantially the same harm shall be grouped together into a single Group." (*See* U.S.S.G. § 3D1.2.)

- Determine the offense level applicable to each Group. (*See* U.S.S.G. § 3D1.3.)

- Determine the combined offense level by assigning "units" to each Group as follows (*see* U.S.S.G. § 3D1.4):

  - assign 1 unit to the Group with the highest offense level,
  - assign 1 unit to each additional Group that is equally serious as, or 1 to 4 levels less serious than, the Group with the highest offense level,
  - assign ½ unit to each Group that is 5 to 8 levels less serious than the Group with the highest offense level,
  - assign no units to each Group that is 9 or more levels less serious than the Group with the highest offense level.

1. GROUP ONE: COUNT(S) _____
   ADJUSTED OFFENSE LEVEL

2. GROUP TWO: COUNT(S) _____
   ADJUSTED OFFENSE LEVEL

3. GROUP THREE: COUNT(S) _____
   ADJUSTED OFFENSE LEVEL

4. GROUP FOUR: COUNT(S) _____
   ADJUSTED OFFENSE LEVEL

   [ unit ]
   [ unit ]
   [ unit ]
   [ unit ]

5. TOTAL UNITS

   [ units ]

B-1

| Defendant: | Michael Brown | Count: | 1 |
|---|---|---|---|
| Docket No.: | 17-cr-20406 | Statute(s): | 18 USC 4 |

6. **INCREASE IN OFFENSE LEVEL**
   1 unit ⟶ no increase     2 1/2 – 3 units ⟶ add 3 levels
   1 1/2 units ⟶ add 1 level    3 1/2 – 5 units ⟶ add 4 levels
   2 units ⟶ add 2 levels    > 5 levels ⟶ add 5 levels

7. **ADJUSTED OFFENSE LEVEL OF GROUP WITH THE HIGHEST OFFENSE LEVEL**

8. **COMBINED ADJUSTED OFFENSE LEVEL**

   Enter the sum of the offense levels entered in Items 6 and 7.

B-2

| Defendant: | Michael Brown | Count: | 1 |
|---|---|---|---|
| Docket No.: | 17-cr-20406 | Statute(s): | 18 USC 4 |

# WORKSHEET C (Criminal History)

Date of defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses):_____

1.  **PRIOR SENTENCES**

**Prior Sentence of Imprisonment Exceeding 13 Months**      **3 POINTS**
**(U.S.S.G. §§ 4A1.1(a)):**
Enter 3 points for each prior adult sentence of imprisonment exceeding one year and one month that either (1) was imposed within 15 years of the defendant's commencement of the instant offenses (taking into account relevant conduct and stipulated offenses) or (2) resulted in the defendant's confinement during any part of that 15-year period. (*See* U.S.S.G. §§ 4A1.1(a), 4A1.2(d)(1), (e)(1).)

**Prior Sentence of Imprisonment of at Least 60 Days**      **2 POINTS**
**(U.S.S.G. §§ 4A1.1(b)):**
Enter 2 points for each prior sentence of imprisonment of at least 60 days not counted under U.S.S.G. § 4A1.1(a) that either (1) resulted from an offense committed after the defendant turned 18 and was imposed within 10 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(b), 4A1.2(e)(2)) or (2) resulted from an offense committed before the defendant turned 18 and resulted in the defendant's confinement during any part of the 5-year period preceding the defendant's commencement of the instant offense (*see* U.S.S.G. §§ 4A1.1(b), 4A1.2(d)(2)(A)).

**Other Prior Sentences**      **1 POINT**
**(U.S.S.G. §§ 4A1.1(c)):**
Enter 1 point for each prior sentence not counted under U.S.S.G. § 4A1.1(a) or (b) that either (1) resulted from an offense committed after the defendant turned 18 and was imposed within 10 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(c), 4A1.2(e)(2)) or (2) resulted from an offense committed before the defendant turned 18 and was imposed within 5 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(c), 4A1.2(d)(2)(B)). NOTE: No more than 4 points may be added under this item.

C-1

| Defendant: | Michael Brown | Count: | 1 |
|---|---|---|---|
| Docket No.: | 17-cr-20406 | Statute(s): | 18 USC 4 |

| Date of Imposition | Status* | Offense | Sentence | Release Date** | Points |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

\*   If the defendant committed the offense before turning 18, indicate whether he or she was sentenced as a juvenile (J) or as an adult (A).

\*\*   A release date is required in only two situations: (1) when a sentence covered under U.S.S.G. § 4A1.1(a) was imposed more than 15 years before the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) but resulted in his or her confinement during any part of that 15-year period; or (2) when a sentence counted under U.S.S.G. § 4A1.1(b) was imposed for an offense committed before the defendant turned 18 but resulted in his or her confinement during any part of the 5-year period preceding his or her commencement of the instant offense (taking into account relevant conduct and stipulated offenses).

| Defendant: | Michael Brown | Count: | 1 |
|---|---|---|---|
| Docket No.: | 17-cr-20406 | Statute(s): | 18 USC 4 |

2. **COMMISSION OF INSTANT OFFENSE WHILE UNDER PRIOR SENTENCE (U.S.S.G. § 4A1.1(d))**
   Enter 2 points if the defendant committed any part of the instant offense (taking into account relevant conduct and stipulated offenses) while under any criminal justice sentence having a custodial or supervisory component, including probation, parole, supervised release, imprisonment, work release, and escape status. (*See* U.S.S.G. §§ 4A1.1(d), 4A1.2(m), (n).) List the type of control and identify the sentence from which it resulted.

   [ ]

3. **PRIOR SENTENCE RESULTING FROM CRIME OF VIOLENCE (U.S.S.G. § 4A1.1(e))**

   Enter 1 point for each prior sentence resulting from a conviction for a crime of violence that did not receive any points under U.S.S.G. § 4A1.1(a), (b), or (c) because such sentence was considered related to another sentence resulting from a conviction for a crime of violence. But enter no points where the sentences are considered related because the offenses occurred on the same occasion. (*See* U.S.S.G. §§ 4A1.1(e), 4A1.2(p).) Identify the crimes of violence and briefly explain why the cases are considered related. NOTE: No more than 3 points may be added under this item.

   [ ]

4. **TOTAL CRIMINAL HISTORY POINTS**
   Enter the sum of the criminal history points entered in Items 1-4.

   [ 0 ]

5. **CRIMINAL HISTORY CATEGORY**

   | Total Criminal History Points | Criminal History Category |
   |:---:|:---:|
   | 0-1 | I |
   | 2-3 | II |
   | 4-6 | III |
   | 7-9 | IV |
   | 10-12 | V |
   | ≥13 | VI |

   [ I ]

C-3

| Defendant: | Michael Brown | Count: | 1 |
|---|---|---|---|
| Docket No.: | 17-cr-20406 | Statute(s): | 18 USC 4 |

# WORKSHEET D (Guideline Range)

1. **(COMBINED) ADJUSTED OFFENSE LEVEL**
   Enter the adjusted offense level entered in Item 3 of Worksheet A or the combined adjusted offense level entered in item 8 of Worksheet B.    **15**

2. **ADJUSTMENT FOR ACCEPTANCE OF RESPONSIBILITY (U.S.S.G. § 3E1.1)**    **-2**

3. **TOTAL OFFENSE LEVEL**

   Enter the difference between Items 1 and 2.    **13**

4. **CRIMINAL HISTORY CATEGORY**

   Enter "I" if the defendant has no criminal history. Otherwise, enter the criminal history category entered in Item 6 of Worksheet C.    **I**

5. **CAREER OFFENDER/CRIMINAL LIVELIHOOD/ARMED CAREER CRIMINAL/DANGEROUS SEX OFFENDER (U.S.S.G. ch. 4, pt. B)**
   a. Total Offense Level: If the career offender provision (U.S.S.G. § 4B1.1), the criminal livelihood provision (U.S.S.G. § 4B1.3), the armed career criminal provision (U.S.S.G. § 4B1.4), or the dangerous sex offender provision (U.S.S.G. § 4B1.5) results in a total offense level higher than the total offense level entered in Item 3, enter the higher offense level total.    **NA**
   b. Criminal History Category: If the career offender provision (U.S.S.G. § 4B1.1), the armed career criminal provision (U.S.S.G. § 4B1.4), or the dangerous sex offender provision (U.S.S.G. § 4B1.5) results in a criminal history category higher than the criminal history category entered in Item 4, enter the higher criminal history category.    **NA**

6. **GUIDELINE RANGE FROM SENTENCING TABLE (U.S.S.G. CH. 5, PT. A)**
   Enter the guideline range in the Sentencing Table (*see* U.S.S.G. ch. 5, pt. A) produced by the total offense level entered in Item 3 or 5.a and the criminal history category entered in Item 4 or 5.b.    **12-18**
   months

D-1

| Defendant:  | Michael Brown | Count:      | 1        |
|-------------|---------------|-------------|----------|
| Docket No.: | 17-cr-20406   | Statute(s): | 18 USC 4 |

7. **STATUTORY RESTRICTIONS ON OR SUPERSESSION OF GUIDELINE RANGE**
   If the maximum sentence authorized by statute is below, or a minimum sentence required by statute is above, the guideline range entered in Item 6, enter either the guideline range as restricted by statute or the sentence required by statute. (*See* U.S.S.G. § 5G1.1.) If the sentence on any count of conviction is required by statute to be consecutive to the sentence on any other count of conviction, explain why.

   NA months

| Defendant: | Michael Brown | Count: | 1 |
|---|---|---|---|
| Docket No.: | 17-cr-20406 | Statute(s): | 18 USC 4 |

# WORKSHEET E (Authorized Guideline Sentences)

1. **PROBATION**
   a. Imposition of a Term of Probation (U.S.S.G. § 5B1.1)
   - [X] 1. Probation is not authorized by the guidelines (minimum of guideline range ≥ 10 months or statute of conviction is a Class A or a Class B felony). If this box is checked, go to Item 2 (Split Sentence).
   - [ ] 2. Probation is authorized by the guidelines (minimum of guideline range = zero months).
   - [ ] 3. Probation is authorized by the guidelines, provided the court imposes a condition or combination of conditions requiring intermittent confinement, community confinement, or home detention satisfying the minimum of the guideline range (minimum of guideline range > 0 months but ≤ 9 months).

   b. Length of Term of Probation (U.S.S.G. § 5B1.2)
   - [ ] 1. At least 1 year but not more than 5 years (total offense level ≥ 6)
   - [ ] 2. No more than 3 years (total offense level < 6).

   c. Conditions of Probation (U.S.S.G. § 5B1.3)

2. **SPLIT SENTENCE (U.S.S.G. § 5C1.1(C)(2), (D)(2))**
   - [ ] a. A split sentence is not authorized (minimum of guideline range = 0 months or ≥ 15 months).
   - [X] b. A split sentence is authorized (minimum of guideline range > 0 months but ≤ 12 months). The court may impose a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention for imprisonment, provided that at least one-half of the minimum of the guideline range is satisfied by imprisonment (if the minimum of the guideline range is 10 or 12 months), or that at least one month is satisfied by imprisonment (if the minimum of the guideline range is 1, 2, 3, 4, 6, 8, or 9 months). The authorized length of the term of supervised release is set forth below in Item 4.b.

3. **IMPRISONMENT (U.S.S.G. CH. 5, PT. C)**
   A term of imprisonment is authorized by the guidelines if it is within the applicable guideline range (entered in Item 6 of Worksheet D). (*See* U.S.S.G. § 5C1.1.)

E-1

| Defendant: | Michael Brown | Count: | 1 |
| --- | --- | --- | --- |
| Docket No.: | 17-cr-20406 | Statute(s): | 18 USC 4 |

4. **SUPERVISED RELEASE (U.S.S.G. ch 5., pt. D)**

   a. <u>Imposition of a Term of Supervised Release</u> (U.S.S.G. § 5D1.1)
   The court must impose a term of supervised release if it imposes a term of imprisonment of more than one year, or if it is required to do so by statute. The court may impose a term of supervised release if it imposes a term of imprisonment of one year or less.

   b. <u>Length of Term of Supervised Release</u> (U.S.S.G. § 5D1.2)
   
   ☐ 1. At least 2 years but not more than 5 years, where the count of conviction is a Class A or a Class B felony, i.e., an offense carrying a maximum term of imprisonment ≥ 25 years.

   ☐ 2. At least 1 year but not more than 3 years, where the count of conviction is a Class C or a Class D felony, i.e., an offense carrying a maximum term of imprisonment ≥ 5 years but < 25 years.

   ☒ 3. 1 year, where the count of conviction is a Class E felony or a Class A misdemeanor, i.e., an offense carrying a maximum term of imprisonment > 6 months but < 5 years.

   ☐ 4. The statute of conviction requires a minimum term of supervised release of _____ years.

   c. Conditions of Supervised Release (U.S.S.G. § 5D1.3)

   The court must impose certain conditions of supervised release and may impose other conditions of supervised release.

5. **RESTITUTION (U.S.S.G. § 5E1.1)**

   ☒ 1. The court *must* order full restitution to the victim(s) of the offense(s) of conviction. (*See* 18 U.S.C. §§ 3556, 3663A, 3664.) The court will determine who the victims are and their restitution amounts.

   ☐ 2. The court *must* order full restitution to the victim(s) of the offense(s) of conviction. (*See* 18 U.S.C. §§ 3556, 3663A, 3664) The parties agree that full restitution is $_____.

E-2

| Defendant: | Michael Brown | Count: | 1 |
| Docket No.: | 17-cr-20406 | Statute(s): | 18 USC 4 |

☐ 3. The parties agree that the court *may* order restitution to the victim(s) of the offense(s) of conviction in any amount up to and including $_____. (*See* 18 U.S.C. §§ 3663(a)(3), 3664.)

☐ 4. The parties agree that the court *may also* order restitution to persons other than the victim(s) of the offense(s) of conviction in any amount up to and including $_____. (*See* 18 U.S.C. §§ 3663(a)(1)(A), 3663A(a)(3), 3664.)

☐ 5. Restitution is not applicable.

6. **FINE (U.S.S.G. § 5E1.2)**

   a. Fines for Individual Defendants

   The court must impose a fine unless "the defendant establishes that he [or she] is unable to pay and is not likely to become able to pay any fine." (*See* U.S.S.G. § 5E1.2(a).) Generally, the fine authorized by the guidelines is limited to the range established in the Fine Table. (*See* U.S.S.G. § 5E1.2(b).) However, there are exceptions to this general rule. (*See* U.S.S.G. § 5E1.2(b), (c)(4).)

   b. Fine Range from Fine Table (U.S.S.G. § 5E1.2(c)(3))

   | Minimum Fine | Maximum Fine |
   | --- | --- |
   | $5,500 | $55,000 |

E-3

| Defendant: | Michael Brown | Count: | 1 |
|---|---|---|---|
| Docket No.: | 17-cr-20406 | Statute(s): | 18 USC 4 |

7. **SPECIAL ASSESSMENT(S) (U.S.S.G. § 5E1.3)**
   The court must impose a special assessment on every count of conviction. The special assessments for individual defendants are:
   - $100.00 for every count charging a felony ($400 for a corporation),
   - $25.00 for every count charging a Class A misdemeanor ($125 for a corporation),
   - $10.00 for every count charging a Class B misdemeanor ($50 for a corporation), and
   - $5.00 for every count charging a Class C misdemeanor or an infraction ($25 for a corporation).

   The defendant must pay a special assessment or special assessments in the total amount of $100.

8. **FORFEITURE (U.S.S.G. § 5E1.4)**

   [ ] Assets of the defendant will be forfeited.

   [X] Assets of the defendant will not be forfeited.

9. **ADDITIONAL APPLICABLE GUIDELINES, POLICY STATEMENTS, AND STATUTES**

   List any additional applicable guideline, policy statement, or statute.

   _____
   _____

10. **UPWARD OR DOWNWARD DEPARTURE (U.S.S.G. ch. 5, pts. H & K)**
    List any applicable aggravating or mitigating circumstance that might support a term of imprisonment above or below the applicable guideline range.

(Rev. April 2014)