```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MICHIGAN
                          SOUTHERN DIVISION
```

**UNITED STATES OF AMERICA,**

        Plaintiff,

                                        **HONORABLE PAUL D. BORMAN**

  v.                                               **No. 17-20406**

**MICHAEL BROWN,**

        Defendant.
_____/

## PLEA HEARING

**Friday, May 25, 2018**

**2:01 p.m.**

APPEARANCES:

   For the Plaintiff:      **CHARLES KHALIL**
                                      U.S. Attorney's Office
                                      211 West Fort Street
                                      Suite 2001
                                      Detroit, Michigan 48226
                                      (313) 226-9100

   For the Defendant:      **DAVID R. CRIPPS**
                                        Law Office of Cripps & Silver
                                      431 Gratiot Avenue
                                      Detroit, Michigan 48226
                                      (313) 963-0210

<u>To Obtain Certified Transcript, Contact:</u>
Leann S. Lizza, CSR-3746, RPR, CRR, RMR, CRC
(313) 234-2608

**TABLE OF CONTENTS**

                                                                Page

Plea hearing                                                       3


Exhibits:                                                      Received

  (None offered.)

|    |                                                              |
|----|--------------------------------------------------------------|
| 1  | May 25, 2018                                                 |
| 2  | Detroit, Michigan                                            |
| 3  | - - -                                                        |
| 4  | (Call to order of the Court, 2:01 p.m.)                      |
| 5  | (Court, Counsel and Defendant present.)                      |
| 6  | THE COURT CLERK:  Calling Case Number 17-20406, *United      |
| 7  | States versus Michael Brown*.                                |
| 8  | THE COURT:  Parties please identify themselves for the       |
| 9  | record beginning with the government.                        |
| 10 | MR. KHALIL:  Good afternoon, Your Honor.  Charles            |
| 11 | Khalil on behalf of the United States.                       |
| 12 | THE COURT:  Okay.                                            |
| 13 | MR. CRIPPS:  And good afternoon, Judge.  David Cripps        |
| 14 | on behalf of Mr. Michael Brown.                              |
| 15 | THE COURT:  Okay.  Good afternoon, Mr. Brown.                |
| 16 | THE DEFENDANT:  Good afternoon, Your Honor.  My name         |
| 17 | is Michael Brown.                                            |
| 18 | THE COURT:  Thank you.  Why don't you and your               |
| 19 | attorney come up to the podium.                              |
| 20 | And, Mr. Khalil, if you go sidebar, we'll proceed.           |
| 21 | MR. CRIPPS:  Thank you, Your Honor.                          |
| 22 | MR. KHALIL:  Thank you.                                      |
| 23 | THE COURT:  Has Mr. Brown already been arraigned on          |
| 24 | the superseding information?                                 |
| 25 | MR. KHALIL:  He has, Your Honor.                             |

```
 1              MR. CRIPPS:  Yes.
 2              THE COURT:  Okay.  Very good.
 3              Then, Marie, if you'd swear him, we'll proceed.
 4              THE COURT CLERK:  Please raise your right hand.
 5        (Michael Brown, sworn, 2:01 p.m.)
 6              THE COURT:  Thank you.
 7              I want to thank Miss Marie Verlinde for sitting in
 8   this afternoon in our courtroom.
 9              Mr. Brown, any questions that are given to you, if you
10   respond with a false answer, could be used against you in a
11   separate prosecution for perjury or false statement.  You
12   understand that?
13              THE DEFENDANT:  Yes, sir.
14              THE COURT:  Okay.  What is your full name?
15              THE DEFENDANT:  Michael Brown.
16              THE COURT:  Okay.  You understand you have a
17   constitutional right to remain silent and not incriminate
18   yourself?
19              THE DEFENDANT:  Yes, Your Honor.
20              THE COURT:  And you want to give that up today and
21   plead guilty; is that correct, sir?
22              THE DEFENDANT:  Yes, that's correct, Your Honor.
23              THE COURT:  First I'm going to ask some background
24   questions that I ask anyone who seeks to plead guilty in this
25   courtroom.  And I ask these questions to assure that you're
```

```
 1  competent to enter a plea at this time.
 2          How old are you, sir?
 3          THE DEFENDANT:  I am 60 years old.
 4          THE COURT:  Okay.  And how far did you go in school?
 5          THE DEFENDANT:  I graduated from law school.
 6          THE COURT:  Okay.  Do you read, write and understand
 7  the English language?
 8          THE DEFENDANT:  Yes, sir, I do.
 9          THE COURT:  Are you now under the influence of any
10  medication, drugs or alcohol?
11          THE DEFENDANT:  No, sir, I am not.
12          THE COURT:  Okay.  I find that Mr. Brown is capable of
13  entering a knowing plea.  Do you agree, Mr. Cripps?
14          MR. CRIPPS:  I do, Your Honor.
15          THE COURT:  Do you agree, Mr. Khalil?
16          MR. KHALIL:  Yes, Your Honor.
17          THE COURT:  You have your attorney beside you in court
18  today.  Have you discussed this matter with Mr. Cripps?
19          THE DEFENDANT:  Yes, sir, Your Honor.
20          THE COURT:  Are you satisfied with his advice and
21  service?
22          THE DEFENDANT:  Yes, I am, Your Honor.
23          THE COURT:  You understand, sir, that if your guilty
24  plea is accepted, you lose valuable civil rights such as the
25  right to vote, hold office, serve on a jury, forever possess or
```

1  be around firearms.  You understand?

2  THE DEFENDANT:  Yes, sir.

3  THE COURT:  Also, if I accept your guilty plea, you
4  give up many important constitutional rights and I'm going to
5  go over some of the most important to make sure you understand
6  what you're giving up.

7  You understand, Mr. Brown, you have the right to plead
8  not guilty and to have a trial before the Court or a jury of 12
9  citizens?

10  THE DEFENDANT:  Yes, Your Honor.

11  THE COURT:  You understand at trial you could be
12  presumed innocent and the government would have to prove you
13  guilty beyond a reasonable doubt.  You understand that?

14  THE DEFENDANT:  Yes, Your Honor.

15  THE COURT:  Also at trial, you could question
16  witnesses against you through your attorney and have the Court
17  order any witnesses you want for your defense to appear at
18  trial.  You understand that?

19  THE DEFENDANT:  Yes, Your Honor.

20  THE COURT:  Finally, at trial you could remain silent,
21  not have your silence used against you or testify if you wanted
22  to testify.  You understand that?

23  THE DEFENDANT:  Yes, Your Honor.

24  THE COURT:  Understanding these rights, do you want to
25  give them up and plead guilty today?

1           THE DEFENDANT:  Yes, Your Honor.

2           THE COURT:  Have you received a copy of the charge
3   against you?

4           THE DEFENDANT:  Yes, I have, Your Honor.

5           THE COURT:  Okay.  This is called a fifth superseding
6   information, and the charge is misprision of a felony.  And it
7   says on or about December 16th, 2015, in this district that
8   you, being aware of the actual commission of the felony of
9   conspiracy to violate the Labor Management Relations Act in
10  violation of the law, a conspiracy whereby Fiat Chrysler, FCA,
11  executives acting in the interest on behalf of FCA conspired
12  with one another, with the company, FCA, with officials of the
13  International UAW and with the UAW itself to provide prohibited
14  payments and things of value to UAW officials.  You were aware
15  of that and you did conceal that by deliberately providing
16  misleading and incomplete testimony in the federal grand jury
17  about the conspiracy and did not, as soon as possible, make
18  known the same to some judge or other person in authority under
19  the United States, and this was in violation of 18 U.S.C.
20  Section 4.  You understand that's the charge against you?

21          THE DEFENDANT:  Yes, Your Honor.

22          THE COURT:  Is your willingness to plead guilty the
23  result of what's called a Rule 11 plea agreement where you and
24  your attorney, Mr. Cripps, and Mr. Khalil for the government
25  reached a basis for pleading guilty in this case?

1    THE DEFENDANT: Yes, Your Honor.
2    THE COURT: Because of the importance of the Rule 11
3 plea agreement within both the plea process and the sentencing
4 process, I'm going to go over some of the principal provisions
5 so you're aware of it.
6    The charge, misprision of a felony, carries a maximum
7 sentence of imprisonment of up to three years. You understand
8 that?
9    THE DEFENDANT: Yes, Your Honor.
10   THE COURT: Maximum fine of $250,000. You understand
11 that?
12   THE DEFENDANT: Yes, Your Honor.
13   THE COURT: And a maximum period of supervised release
14 of one year. You understand that?
15   THE DEFENDANT: Yes, Your Honor.
16   THE COURT: Okay. The supervised release means if you
17 get any jail term and then after that you're out on the street
18 for up to a year on supervised release, which is like a
19 probation, if you violate that, you could be brought back to
20 court, sent to jail for up to a year. You understand that?
21   THE DEFENDANT: Yes, Your Honor.
22   THE COURT: Okay. The guideline range that the
23 parties recognize and agree to in the Rule 11 plea agreement
24 contained on page 8 is 12 to 18 months. You understand that?
25   THE DEFENDANT: Yes, Your Honor.

```
 1              THE COURT:  Okay.  There's a special assessment of
 2   $100.  You understand that?
 3              THE DEFENDANT:  Yes, Your Honor.
 4              THE COURT:  Pursuant to this plea agreement, the Court
 5   cannot sentence you to more than 18 months.  You understand
 6   that?
 7              THE DEFENDANT:  Yes, Your Honor.
 8              THE COURT:  And if I find that 18 months is not
 9   sufficient, then -- and want to sentence higher, you can
10   withdraw from the agreement.  You understand that?
11              THE DEFENDANT:  Yes, I do.
12              THE COURT:  Okay.  And there's no agreement as to
13   fines.  You understand that?
14              THE DEFENDANT:  Yes, Your Honor.
15              THE COURT:  And there's also a restitution that's
16   going to be to any and every identifiable victim of your
17   offense.  You understand that?
18              THE DEFENDANT:  Yes, Your Honor.
19              THE COURT:  There's also a cooperation agreement, and
20   with regard to your cooperation, the government agrees to bring
21   no additional criminal charges against you arising out of the
22   involvement in this offense.  You understand that?
23              THE DEFENDANT:  Yes, Your Honor.
24              THE COURT:  Let me just correct one thing.  The --
25   maybe it's not a correction.  On page 10, the second sentence,
```

1  it talks about the fourth superseding information and what I'm
2  looking at is the fifth superseding information.
3       MR. KHALIL: That's correct, Your Honor. And the
4  original copy provided to the Court this morning, that has been
5  changed to correctly reflect the fifth superseding information.
6  So, you are correct, that was the initial error when we sent
7  you the original electronic version.
8       THE COURT: So this is the fourth or the fifth?
9       MR. KHALIL: The fifth.
10      THE COURT: The fifth. So we'll just change that.
11 You have no objection to that Mr. --
12      MR. CRIPPS: The defense has no objection to that.
13      MR. KHALIL: And just, Your Honor, that has been
14 changed in the copy provided to the Court.
15      THE COURT: Okay. Very good.
16      There's also an appeal waiver where you waive your
17 right to appeal your conviction or sentence if I -- not a
18 sentence above -- if I sentence above 18 months. You
19 understand that?
20      THE DEFENDANT: Yes, Your Honor.
21      THE COURT: But nothing in the waiver bars the timely
22 claim of ineffective assistance of counsel on appeal or by
23 collateral relief. You understand that?
24      THE DEFENDANT: Yes, Your Honor.
25      THE COURT: That's the only basis for appeal if you

1  accept it and the Court accepts the Rule 11.  Do you understand
2  that?
3          THE DEFENDANT:  Yes, Your Honor.
4          THE COURT:  Mr. Khalil, are there any other provisions
5  of the Rule 11 that you want to put on the record?
6          MR. KHALIL:  Just provision on page 10 of the Rule 11,
7  Your Honor, that --
8          THE COURT:  Okay.
9          MR. KHALIL:  -- if the Court does allow the defendant
10 to withdraw from his plea, he waives his right and the
11 government may use his guilty plea to use any statement in any
12 proceeding against him in the future, Your Honor.
13         THE COURT:  Okay.
14         MR. KHALIL:  And then --
15         THE COURT:  You accept that, Mr. Cripps?
16         MR. CRIPPS:  I do, Your Honor.
17         MR. KHALIL:  Then also on page 10, that if Mr. Brown
18 were to withdraw from this agreement and the Court -- or,
19 sorry, Mr. Brown may withdraw from this agreement and may
20 withdraw his guilty plea if the Court decides to impose a
21 sentence of higher than 18 months.
22         THE COURT:  Correct.
23         MR. KHALIL:  And that the Court shall advise the
24 defendant if he does not withdraw his guilty plea under the
25 circumstances, the Court may impose a sentence greater than 18

1  months.
2          THE COURT:  And you explained that to your client?
3          MR. CRIPPS:  I have, Your Honor.  I don't expect this
4  to happen but we understand that's the spirit of this
5  agreement.
6          THE COURT:  Okay.  Now, there's also a cooperation
7  agreement.  Do you want to put that on the record in terms of
8  the specifics?
9          MR. KHALIL:  Not the specifics, Your Honor, just that
10 a separate cooperation agreement is incorporated into this
11 plea.
12         THE COURT:  That's correct, Mr. Cripps?
13         MR. CRIPPS:  That's correct.
14         THE COURT:  And you've gone over that with your
15 client?
16         MR. CRIPPS:  Oh, yes.
17         THE COURT:  Very good.  And he has signed it, you've
18 signed it and it's not under seal.  Correct?
19         MR. KHALIL:  That's correct.
20         MR. CRIPPS:  That's correct, Your Honor.
21         THE COURT:  Okay.  Very good.
22         Apart from what's contained in this Rule 11 and the
23 cooperation agreement, Mr. Brown, have I made you any promises
24 of sentence, of probation or anything like that?
25         THE DEFENDANT:  You have not, Your Honor.

1  THE COURT: Do you have any side deals with Mr. Cripps
2  or Mr. Khalil where they said, yeah, tell the judge this but
3  something else is going to happen?
4  THE DEFENDANT: No, sir, Your Honor.
5  THE COURT: Has anyone threatened or coerced you to
6  plead guilty?
7  THE DEFENDANT: No, sir, Your Honor.
8  THE COURT: Are you now on probation, parole for any
9  other criminal offense?
10  THE DEFENDANT: No, sir.
11  THE COURT: Please tell me what it is that you did on
12  or about December 16th, 2015, in this district that leads you
13  to believe you're guilty of the crime of misprision of a
14  felony. And, Mr. Cripps, if you want to voir dire him, you
15  can. And then, Mr. Khalil, I'll give you the opportunity to
16  ask further questions to establish a factual basis.
17  MR. KHALIL: Thank you, Your Honor.
18  THE COURT: Okay.
19  MR. CRIPPS: Go ahead.
20  THE DEFENDANT: Yes, Your Honor. That I knew of the
21  commission of an act, of a felony of conspiracy to violate the
22  Labor Management Relations Act and that wherein Fiat Chrysler
23  Automobile executives acting in the interest and on behalf of
24  Fiat Chrysler with Fiat Chrysler and with officials of the
25  International UAW and the UAW were provided things of interest,

```
 1   things of value, I should say --
 2           THE COURT:  Training funds?
 3           THE DEFENDANT:  Yes, things of value, and I went about
 4   concealing that by going in front of the grand jury and
 5   providing incomplete and misleading testimony.  And I did not,
 6   as soon as possible, come to a judge like yourself or some
 7   other authority of the U.S. government indicating what I was --
 8   had knowledge of.
 9           THE COURT:  Okay.  And this occurred in what city?
10           THE DEFENDANT:  It would have occurred in cities of
11   Detroit, Warren and Auburn Hills.
12           THE COURT:  Okay.  Those are in the Eastern District
13   of Michigan.
14           Mr. Khalil, do you want to ask further questions to
15   establish a factual basis?
16           MR. KHALIL:  Just a couple, Your Honor.
17           THE COURT:  Sure.
18           MR. KHALIL:  Mr. Brown, when you were making reference
19   to Fiat Chrysler executives and employees providing, I think
20   you said, things of interest to officials of the UAW, are you
21   referring to illegal payments to the folks over at the UAW,
22   officials at the UAW?
23           THE DEFENDANT:  Yes, and things of value, yes.
24           MR. KHALIL:  Illegal payments as well?
25           THE DEFENDANT:  Yes, sir.
```

```
 1         MR. KHALIL:  And those payments took many forms; is
 2   that correct?
 3         THE DEFENDANT:  Yes, sir.
 4         MR. KHALIL:  Some of those forms included trips and
 5   vacations that had nothing to do with work?
 6         THE DEFENDANT:  Yes.
 7         MR. KHALIL:  And other things that you've detailed in
 8   your Rule 11; is that correct?
 9         THE DEFENDANT:  Yes, sir.
10         THE COURT:  Okay.  And just to further establish the
11   thing, that included also reimbursements of salaries for
12   basically individuals that didn't do work but who were getting
13   paid by the UAW?
14         THE DEFENDANT:  Yes, sir.
15         THE COURT:  Okay.  And that also included adding a
16   7 percent administrative fee for reimbursement of salaries and
17   benefits that were not legitimate?
18         THE DEFENDANT:  Yes, Your Honor.
19         THE COURT:  Okay.  Anything further that you want to
20   ask?
21         MR. KHALIL:  Not on the factual basis, Your Honor.
22   Thank you.
23         THE COURT:  Okay.  Mr. Cripps, anything that you want
24   to ask with regard to a factual basis?
25         MR. CRIPPS:  No, I'm satisfied with the basis as set
```

```
 1   on the record, Your Honor.
 2              THE COURT:  Thank you.
 3              How do you plead, guilty or not guilty?
 4              THE DEFENDANT:  Guilty, Your Honor.
 5              THE COURT:  The Court finds defendant's plea is
 6   knowingly, freely and voluntarily made.  The elements of the
 7   offense to which he pleads guilty have been made out by his
 8   statements in court.  Plea of guilty is accepted.  The Rule 11
 9   is taken under advisement.  And refer you to the probation
10   department for a presentence report.
11              Miss Verlinde, do we have a sentencing date?
12              THE COURT CLERK:  September 20th at 3:30.
13              THE COURT:  Okay.  Anything further from the
14   government?
15              MR. KHALIL:  Nothing further from the U.S., Your
16   Honor.
17              THE COURT:  Thank you.
18              Anything further from the defense?
19              MR. CRIPPS:  Could I just ask, that September 20th at
20   3:30?
21              THE COURT CLERK:  Yes.
22              MR. CRIPPS:  No, nothing further from the defense.
23              THE COURT:  Thank you.  We are concluded.
24              MR. KHALIL:  Thank you.
25              THE COURT CLERK:  Court is now in recess.
```

```
 1        (Proceedings concluded, 2:15 p.m.)
 2                         -  -  -
 3                 CERTIFICATION OF REPORTER
 4
 5     I, Leann S. Lizza, do hereby certify that the above-entitled
 6  matter was taken before me at the time and place hereinbefore
 7  set forth; that the proceedings were duly recorded by me
 8  stenographically and reduced to computer transcription; that
 9  this is a true, full and correct transcript of my stenographic
10  notes so taken; and that I am not related to, nor of counsel to
11  either party, nor interested in the event of this cause.
12
13
14  S/Leann S. Lizza                              6/6/2018
15  Leann S. Lizza, CSR-3746, RPR, CRR, RMR        Date
16
17
18
19
20
21
22
23
24
25
```